UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON BURNS,

                Plaintiff,        Civil Action No. 22-12057

v.                                     George Caram Steeh
                                        United States District Judge

TROOPER PINKERTON, *et al.*,    David R. Grand
                                        United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY AS MOOT
DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY
JUDGMENT (ECF No. 12) AND TO DISMISS PLAINTIFF'S COMPLAINT
(ECF No. 1) FOR FAILURE TO PROSECUTE**

**I.   RECOMMENDATION**

On July 8, 2022, *pro se* plaintiff Jonathon Burns ("Burns"), an incarcerated person, commenced this civil rights action pursuant to 42 U.S.C. § 1983. On August 31, 2022, this action was transferred to the United States District Court for the Eastern District of Michigan. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 4).

On December 22, 2022, defendants Trooper Pinkerton, Trooper Locke, Trooper Kill, Trooper Clise, and Trooper Sonstrom (collectively "Defendants") filed a motion to dismiss and/or for summary judgment, along with a brief in support. (ECF No. 12). Because Burns has failed to oppose Defendants' dispositive motion, despite having twice been ordered to do so, the Court **RECOMMENDS** that Burns' complaint **(ECF No. 1)** be

**DISMISSED** for failure to prosecute and Defendants' Motion to Dismiss and/or for Summary Judgment **(ECF No. 12)** be **DENIED AS MOOT.**

## II. REPORT

### A. Background

Burns is a *pro se* prisoner, who currently is confined in the Michigan Department of Corrections ("MDOC") at the Bellamy Creek Correctional Facility. (ECF No. 1, PageID.2).[1] In his complaint, Burns alleges that, on August 7, 2020, he was "assaulted by (3) Michigan state police officers." (*Id.*, PageID.1). Burns further alleges that, during this encounter, he was tased, which "caused him to have a heart attack[,]" and was bitten by a K-9 dog while lying on the ground. (*Id.*). He claims he "was not armed with any pistol" during this incident and was never a threat to Defendants. (*Id.*). Burns now brings a Fourth Amendment excessive force lawsuit against all five named defendants.

On December 22, 2022, Defendants filed a motion to dismiss and/or for summary judgment, arguing that Burns' excessive force claim fails as a matter of law. (ECF No. 12). That same day, this Court issued an Order Requiring Response, specifying that Burns was required to file a response to Defendants' motion on or before January 17, 2023. (ECF No. 13). When Burns failed to do so by January 31, 2023, this Court issued an Order to Show Cause, requiring a response by February 15, 2023. (ECF No. 14). In that Order, Burns was specifically warned that, **"Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants'**

---

[1] *See also* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=695608 (last accessed March 13, 2023).

**motion, may result in a recommendation that Defendants' motion be granted and/or that Burns' claims be dismissed under Fed. R. Civ. P. 41(b)."** (*Id.*, PageID.117) (emphasis in original). To date, however, Burns has neither filed a response in opposition to Defendants' motion, nor responded to the Court's Order to Show Cause.

    B.    Analysis

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court

3

to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, it is not clear whether Burns' failure to respond to Defendants' dispositive motion and/or the Court's Order to Show Cause is due to willfulness, bad faith, or fault. However, the Court notes that Burns has not participated in this case in any meaningful way in months. Indeed, aside from providing the names of the defendants he is suing, at the Court's direction, back in September 2022 (ECF No. 6), Burns has done nothing to advance his case. Thus, the first[2] and third factors weigh in favor of dismissal. As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Burns' apparent abandonment of his claims. The Court is sympathetic to Defendants' plight, as they have been forced to expend time and resources researching and drafting their dispositive motion, despite the fact that Burns apparently has lost interest in his case.

Finally, the fourth factor weighs heavily in favor of dismissal, as Burns has been given a clear warning that his failure to respond to Defendants' motion and/or this Court's

---

[2] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

Order to Show Cause could result in dismissal of his claims. As set forth above, Burns has done little to advance his case since filing it, and he offers no excuse for his failure to respond to both the pending dispositive motion and the Court's Order to Show Cause. The Court also notes that it has now been almost one full month since Burns' response to the Order to Show Cause was due. Given these facts, and in light of the Court's express warning to Burns that his claims could be dismissed if he failed to timely comply with the Court's Order to Show Cause, the Court sees no utility in imposing a sanction short of dismissal. Thus, all four of the factors weigh in favor of dismissal for failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Burns' complaint **(ECF No. 1)** be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b). **IT IS FURTHER RECOMMENDED** that Defendants' Motion to Dismiss and/or for Summary Judgment **(ECF No. 12)** be **DENIED AS MOOT**.

Dated: March 13, 2023  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*,

474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2023.

s/L. Hosking on behalf of E. Butts<br>Case Manager